UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARON JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-5432** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION "A"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.   Factual and Procedural Background

The plaintiff, Baron Johnson ("Johnson"), is a prolific filer in this Court and currently under supervised release from his prior state incarceration. He filed this *pro se* complaint under 42 U.S.C. § 1983 in the United States District Court for the Middle District of Louisiana, against defendants, the State of Louisiana, Jefferson Parish Sheriff's Office, Jefferson Parish Cops, Sheriff Newell Normand, Jefferson Parish Correctional Center Jail, Dr. Richeaux, Dr. Salcedo, Ruth Jackson, Dr. Labadie, Sandra Sumlin, JPHSA Mental Health Clinic, Louisiana Department of Corrections, 24th Judicial District Courthouse of Jefferson Parish Judges, District Attorney Paul D. Connick, Tanisha Johnson, and R. Dietriok, asserting rambling and often incoherent allegations about his alleged life-long series of unlawful arrests and confinements in state custody. The matter was transferred to this Court despite the fact that Johnson did not file the suit on the form required for § 1983 complaints, and he failed to submit a filing fee or an application to proceed *in forma pauperis* with the complaint.

**II.     Standard of Review under Fed. R. Civ. P. 41(b)**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court.  A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b).  In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order.  *See*, *e.g.*, *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

Johnson is without counsel and is responsible for the prosecution of his case.  A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law.  *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007).  A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance."  *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

**III.     Analysis**

As noted above, Johnson did not file the suit on the required form or submit the filing fee or request leave to proceed *in forma pauperis*.  After transfer of the matter, the Clerk of this Court sent a notice dated June 5, 2018, to Johnson at his address of record advising him that he was required to complete the § 1983 complaint form and either pay the filing fee or submit a certified

pauper application.[1]  The Clerk provided the necessary forms with the deficiency notice.  The Clerk of Court mailed the notice and forms to Johnson at the address he provided on the complaint.  The envelope has not been returned as undeliverable.  Johnson did not reply to the notice.

On July 25, 2018, the undersigned issued an Order requiring Johnson to show cause on or before August 14, 2018, why his complaint should not be dismissed for failure to comply with the Clerk's deficiency notice.[2]  The notice of deficiency and the Court's Show Cause Order were mailed to Johnson at the only address he has provided.  All litigants are obligated to keep the court advised of any address change.  Local Rules 11.1 and 41.3.1.  Fitch has not notified the Clerk's Office or the Court that he has been released from the facility or that his address has changed.  In addition, Johnson still has not submitted the form complaint or provided the filing fee or pauper application required to prosecute his case.  Accordingly, dismissal with prejudice of his complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute.

## IV.  Recommendation

It is therefore **RECOMMENDED** that Johnson's § 1983 complaint be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

---

[1] Rec. Doc. No. 4.

[2] Rec. Doc. No. 5.

the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 27th day of September, 2018.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.